## Elizabeth Dunnigan, Plaintiff in Error, v. J. A. Ellis et al., Defendants in Error.

1. DRAM-SHOPS—*what evidence inadmissible to defeat award of actual damages.* Testimony as to instructions given to bar-keepers not to sell to deceased is incompetent to preclude recovery of actual, but is proper as bearing upon exemplary, damages.

2. DRAM-SHOPS—*what proof not essential to recovery.* In order to recover in an action for death under the Dram-Shop Act, it is not essential that the plaintiff should establish that intoxication was the sole cause of the death and that no other cause intervened.

3. TRIAL—*when arguments of counsel improper.* It is improper to permit counsel, in an action under the Dram-Shop Act, to state to the jury that such action was being prosecuted by a law and order league.

4. EVIDENCE—*irrelevant and prejudicial incompetent.* Evidence not relevant to the issue and which is calculated to prejudice the jury is incompetent and should be rejected.

Error to the Circuit Court of Adams county; the Hon. ALBERT AKERS, Judge, presiding. Heard in this court at the May term, 1910. Reversed and remanded. Opinion filed May 26, 1911.

F. M. GUINN and CYRIL W. ARMSTRONG, for plaintiff in error.

JOHN E. WALL and LYMAN McCARL, for defendants in error; JOHN J. SWENIE, of counsel.

MR. JUSTICE PHILBRICK delivered the opinion of the court.

This is an action brought by plaintiff in error against defendants in error to recover for the death of her husband, under the dram-shop act. Trial below resulted in a verdict for defendants and judgment against plaintiff for costs and in bar of action.

The record discloses that the husband of plaintiff in error died at a hotel conducted by defendant, J. A. Ellis; in connection with the hotel was a bar room, also conducted by Ellis. The bar room was located upon premises in which defendant, Annie Rogers, owned a life estate. She is made defendant under the statute creating a lien upon property in which liquor is sold where the sales are made by and with the consent of the owner of the property. She is made a party defendant to create a lien on her interest in the premises. On the night of November 4, 1907, A. J. Dunnigan, for whose death this action is brought, arrived in the city of Quincy and took up his quarters at the St. James Hotel, conducted by defendant Ellis; he occupied a room in this hotel at the time of his death which occurred between seven and eight o'clock on the night of November 7. During all of the time that he remained at the hotel he was a frequent visitor at the bar room and was, during that time, habitually intoxicated. He procured at least a part of the liquors which either in whole or in part caused his intoxication, at this bar. Plaintiff in error insists upon reversal of the judgment, urging that the verdict is clearly and manifestly against the

weight of the evidence, that the court erred in admitting improper evidence on behalf of defendants in error, and erred in the instructions given to the jury on behalf of defendants.

The evidence complained of, as having been wrongfully and prejudicially admitted by the court over the objections of the plaintiff in error, was concerning statements made by defendant Ellis to his barkeepers with reference to selling or permitting deceased to obtain liquor at his bar.   The rule of law is well established that evidence of this character is not admissible to defeat recovery of actual damages, but that it may be admitted upon the question of exemplary or punitive damages, but it is never admissible for the purpose of defeating actual damages.

It is also insisted that the court erred in permitting defendants to prove certain statements made by deceased to the effect that defendant Ellis would not permit his bartenders to sell or give deceased any liquor.   These statements, if admissible for any purpose, could only be in mitigation of punitive or vindictive damages; they were not admissible for the purpose of showing that no sales had been made to the deceased.   Where evidence is properly admissible for any purpose it cannot be rejected but it should be limited, by proper instructions, to the purpose for which it is admissible.

Certain witnesses put upon the stand by counsel for plaintiff did not testify as counsel for plaintiff in error expected they would.   Plaintiff's counsel informed the court that they were surprised at the character of the testimony of these witnesses, and counsel attempted to inquire of these witnesses whether they had made different statements to counsel when questioned in regard to their knowledge of the facts involved in the controversy before going on the witness stand, but the court refused to permit counsel to examine these witnesses regarding previous contradictory statements made to counsel.   The rule of evidence is well established that where counsel are surprised at the evidence of the witnesses placed upon the stand by them they have the right to ask a witness, for the purpose of refreshing his memory and endeavoring to obtain the truth, whether or not the witness had not made

other and different statements to counsel when examined concerning his knowledge of the question involved; to refuse to permit this examination was error. People v. Lukoszus, 242 Ill. 102.

It is also insisted by plaintiff in error that the remarks of counsel made to the jury concerning the prosecution of this suit by the Law and Order League of the city of Quincy were improper as tending to prejudice the minds of the jury. While we cannot say that the remarks of counsel were so prejudicial to the plaintiff in error in this cause as to require a reversal, the remarks of counsel were improper and the court should have sustained the objection.

The court, over objections of plaintiff in error, permitted defendants to show that deceased on the day before he died was at the Hotel Newcomb and requested that he be furnished with a room and a female nurse, and in this manner attempted to prejudice the minds of the jury. This evidence was improper and should not have been permitted; it had no bearing whatever upon the issues involved in this cause.

The averments in the declaration charge the sale or gift of intoxicating liquors to deceased and that by reason of the intoxication produced thereby plaintiff was injured in her means of support.

While it was necessary for plaintiff to prove the allegations in her declaration that the intoxication of deceased was produced in whole or in part by reason of intoxicating liquors sold or given to her husband by defendant Ellis or his servants and also to establish that the intoxication caused or was instrumental in causing the condition which resulted in the death of her husband, it was not necessary that she establish that intoxication was the sole cause of the death and that no other cause intervened as the instructions given on behalf of defendant informed the jury.

It was only necessary that she establish by the evidence that the sales were made as charged in her declaration that intoxication either in whole or in part was produced thereby and that the intoxication superinduced or assisted in bring-

ing on the condition which caused his death; and it was a question of fact to be determined by the jury whether such facts were proven by the evidence.

The opinion of this court filed at this present term in Whiteside v. O'Connors et al., *ante,* p. 108, fully sets forth the requirements necessary to be established in cases of this character and clearly distinguishes between actions brought by reason of injuries caused by an intoxicated person and those brought for injuries resulting from the intoxication.

The instructions given on behalf of defendant which required plaintiff to show that the intoxication was the proximate cause of the death and that no other cause intervened were erroneous as were the instructions which told the jury that the proof of certain facts set out in these instructions was not sufficient to authorize a recovery.

Complaint is made of numerous other instructions several of which were inaccurate and misleading. We do not deem it necessary to set them out in full as the error will doubtless be corrected in another trial.

It is insisted that the court erred in refusing instructions asked on behalf of the plaintiff, which are designated refused instructions number 1, 3, 5 and 6. It was not error to refuse number 1; it does not contain a correct statement of the law; number 4, 5, and 6 were proper instructions, however, and should have been given to the jury.

Defendants have assigned cross errors regarding the admission of expert testimony on the part of plaintiff in error. These errors are not well assigned. The witness qualified and was competent to testify as an expert, and it was for the jury to determine the weight to be given to his testimony.

The trial court should have set aside the verdict and granted the motion for a new trial.

The judgment below is reversed and the cause remanded.

*Reversed and remanded.*